[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted the present action to recover for personal injuries sustained when she fell on an outside stairway on premises upon which the defendant maintained a laundermat business. The complaint alleges, inter alia, that the plaintiff was caused to fall because the stairs were loosened and chipped which constituted defective conditions. The defendant then instituted a third-party I action against his landlords, the third-party defendants, asserting that under the lease the landlord was obligated to repair the stairs and seeks damages against the third-party defendant in the same amount as the defendant may be obligated to the plaintiff.
The third-party complaint also contains an allegation that the third-party plaintiff is entitled to contribution from the third-party defendant under the Tort Reform Act.
The third-party defendants filed a special defense alleging that the plaintiff executed the release in favor of the third-party defendants thereby discharging them from liability from any and all claims of damages due to the plaintiff. The third-party defendants have now moved for a summary judgment asserting that there is no right to contribution against them.
While the third-party complaint raises claims of contribution under the Tort Reform Act, the third-party complaint also alleges a breach of contract claim alleging that the breach of the lease by the third-party defendants obligates them to pay the damages that may be found due to the plaintiff from the defendant. CT Page 221
Accordingly, the third-party complaint sets forth a cognizable cause of action against the third-party defendants, quite apart from the Tort Reform Act, and the motion for summary judgment is therefore denied.
RUSH, J.